UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

Case No.: 1:26-cv-07582-RA

VICTORIA DRAKE,

Plaintiff,

**NOTICE OF MOTION**

- against -

PAOLO ZAMPOLLI, individually,

Defendant.

---------------------------------------------------------------------X

PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law, and upon all prior proceedings, pleadings, and filings in this Action, Plaintiff will move this Court at the United States Courthouse for the Southern District of New York, 500 Pearl St., New York, NY 10007, before the Honorable Ronnie Abrams, United States District Judge, as soon as counsel may be heard, for an Order granting Plaintiff's Motion for Alternative Service of Process pursuant to Rule 4 Federal Rules of Civil Procedure and CPLR § 308(5).

PLEASE TAKE FURTHER NOTICE that, in support of the instant Motion, the undersigned shall rely upon the annexed Memorandum of Law, Affirmation of Jesse S. Weinstein, Esq., all of the pleadings and other papers on file herein, all of the proceedings previously held in this matter, and such other and further argument and evidence as may be presented to this Court.

Dated: New York, New York
October 23, 2026

Respectfully submitted,

**ARCÉ LAW GROUP, P.C.**
*Attorneys for Plaintiff*

*/s/ Jesse S. Weinstein, Esq.*
Jesse S. Weinstein, Esq.
45 Broadway, Suite 2810
New York, NY 10006
(212) 248-0120

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

Case No.: 1:26-cv-07582-RA

VICTORIA DRAKE,

Plaintiff,

- against -

PAOLO ZAMPOLLI, individually,

Defendant.

-------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF PROCESS**

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF PROCESS**

**Arcé Law Group, P.C.**
*Attorneys for Plaintiff*
45 Broadway, Suite 2801
New York, NY 10006
(212) 248-0120

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**……………………………………………………………………ii

**PRELIMINARY STATEMENT**…………………………………………………………….....1

**STATEMENT OF FACTS**……………………………………………………………………1

**LEGAL ARGUMENT**………………………………………………………………………...2

**I. SERVICE OF DEFENDANT ZAMPOLLI IS IMPRACTICABLE** ……………..……..2

**CONCLUSION**……………………………………………………………………………..5

# TABLE OF AUTHORITIES

## Cases

*Breuer v. Castaneda*, No. 15-CV-5060 (VSB), 2016 WL 11483932 (S.D.N.Y. Apr. 19, 2016) ....................3

*S.E.C. v. HGI, Inc.*, No. 99 Civ. 3866 (DLC), 1999 WL 1021087 (S.D.N.Y. Nov. 8, 1999) ...........3

*Tishman v. The Associated Press*, No. 05-CV-4278, 2006 U.S. Dist. LEXIS 4622 (S.D.N.Y. Feb. 6, 2006) ....................3

## Rules, Statutes and Regulations

*Fed. R. Civ. P. 4(e)(1)* .................... *passim*

*N.Y. C.P.L.R. § 308* ....................*passim*

## PRELIMINARY STATEMENT

Plaintiff, by and through her attorneys, Arcé Law Group, P.C., respectfully submits this Memorandum of Law in support of her motion, pursuant to Fed. R. Civ. Pro. 4 and CPLR § 308(5), for leave to effectuate service of the Complaint and Summons upon Defendant Paolo Zampolli ("Defendant Zampolli") via alternative means, with such other and further relief as the Court deems just and proper.

## STATEMENT OF FACTS

This action arises out of Plaintiff's claims of sexual assault against Defendant Zampolli. Plaintiff filed her Complaint on September 3, 2026 (Dkt. No. 1), and the Court issued a Summons on September 9, 2026 (Dkt. No. 5). Plaintiff promptly retained a process server to serve Defendant Zampolli at 119 East 17th Street, New York, NY 10003 (the address identified through public records as his last known residence). The process server attempted to serve Defendant Zampolli at this address on four separate occasions: September 21, 2026, October 8, 2026, October 12, 2026, October 13, 2026, and October 14, 2026. However, each attempt was unsuccessful. (*See* **Exhibit A**, Affirmation of Due Diligence; **Exhibit B**, Affirmation of Due Diligence; **Exhibit C**, Affirmation of Service). In fact, on October 8, 2026, our process server informed us that the residence had been barricaded and that a security guard would not open the door or let anyone enter the premises. (*See* **Exhibit D**, Photo of Barricaded Entrance). Nonetheless, on October 14, 2026, after a final attempt, the process server affixed a true copy of the Summons and Complaint to the door of the residence. (*See* **Exhibit C**, Affirmation of Service).

Separately, Plaintiff hired a process server who attempted to serve Defendant Zampolli in-person, on September 29, 2026, while he was at a restaurant in Washington, D.C. However, this attempt was also unsuccessful. (*See* **Exhibit E**, Affidavit of Non-Service).

Notwithstanding Plaintiff's inability to effectuate service, Defendant Zampolli has actual knowledge of this action and Plaintiff's efforts to serve him. Notably, on October 5, 2026, in response to an article published by *The Daily Beast*, Defendant acknowledged that Plaintiff had "not yet formally served him with the New York lawsuit" and represented that his "lawyers would ask a judge to pause the case if she does." (*See* **Exhibit F**, Daily Beast Article). Defendant Zampolli also declared his intention to "countersue [Plaintiff] for $100 million."

Based on the above, Defendant Zampolli is clearly aware of this action, anticipates service, and has retained or consulted counsel regarding his response to it. Accordingly, Defendant Zampolli cannot credibly claim a lack of notice.

Because traditional methods of service have proven ineffective, Plaintiff respectfully requests that the Court authorize service of the Summons and Complaint on Defendant Zampolli by the following alternative methods: (1) electronic mail; (2) text message; and (3) mail to Defendant Zampolli's previously appointed / known counsel. Each proposed method is reasonably calculated, under the circumstances, to give Defendant Zampolli notice of this action and an opportunity to respond. Together, these methods will ensure that Defendant Zampolli receives the Summons and Complaint and will allow this action to proceed without further delay.

## LEGAL ARGUMENT

### I. SERVICE OF DEFENDANT ZAMPOLLI IS IMPRACTICABLE

Rule 4(e) of the Federal Rules of Civil Procedure provides that service upon an individual located in the United States may be accomplished pursuant to the law of the forum state or the state in which service is made. Fed. R. Civ. P. 4(e)(1). Pursuant to New York C.P.L.R. § 308(5), service may be accomplished "in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of [ ] section [308]." Section 308(1)

applies to physical, personal service. Sections 308(2) and 308(4) apply to "leave and mail" and "nail and mail" service at the defendant's "actual place of business, dwelling place or usual place of abode." "A plaintiff can demonstrate that service by conventional means is 'impracticable' by making diligent, albeit unsuccessful, efforts to obtain information regarding a defendant's current residence, business address or place of abode. A constitutionally proper method of effecting substituted service need not guarantee that in all cases the defendant will in fact receive actual notice. It suffices that the prescribed method is one reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Breuer v. Castaneda*, 15-CV-5060 (VSB), 2016 WL 11483932, at *2 (S.D.N.Y. Apr. 19, 2016) (citations, quotations and brackets omitted). *See also S.E.C. v. HGI, Inc.*, No. 99 Civ. 3866(DLC), 1999 WL 1021087, at *1 (S.D.N.Y. Nov. 8, 1999) ("Section 308(5) requires a showing of impracticability of other means of service, but does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute."). *See also Tishman v. The Associated Press*, No. 05-CV-4278, 2006 U.S. Dist. LEXIS 4622 at *3-4 (S.D.N.Y. Feb. 6, 2006) (granting plaintiffs' request for substitute service via email because "plaintiffs ha[d] attempted 'nail and mail' service but [were] unable to confirm whether defendant was in fact successfully served" and because "defendant, despite being in communication with both the court and plaintiffs through his attorneys, refuses to disclose his current residence or place of business").

As outlined above, Plaintiff has attempted service six times, in two jurisdictions, including nail and mail service at Defendant Zampolli's last known residence. Each attempt failed. Meanwhile, Defendant Zampolli has had no issue discussing this case in public.

Because traditional methods of service have proven ineffective, Plaintiff respectfully requests that the Court authorize service of the Summons and Complaint on Defendant Zampolli

by the following alternative methods: (1) electronic mail; (2) text message; and (3) mail to Defendant Zampolli's previously appointed / known counsel. Each proposed method is reasonably calculated, under the circumstances, to give Defendant Zampolli notice of this action and an opportunity to respond. Together, these methods will ensure that Defendant Zampolli receives the Summons and Complaint and will allow this action to proceed without further delay.

**CONCLUSION**

Based upon the foregoing, Plaintiff respectfully requests that the Court issue an order pursuant to Fed. R. Civ. Pro. 4 and CPLR § 308(5), authorizing alternative service of the Complaint and Summons, and directing that such service shall be deemed legally sufficient, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 23, 2026

Respectfully submitted,

**Arcé Law Group, P.C.**
*Attorneys for Plaintiff*

*/s/ Jesse S. Weinstein, Esq.*
Jesse S. Weinstein, Esq.
45 Broadway, Suite 2801
New York, NY 10006
(212) 248-0120

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

Case No.: 1:26-cv-07582-RA

VICTORIA DRAKE,

Plaintiff,

- against -

PAOLO ZAMPOLLI, individually,

Defendant.
---------------------------------------------------------------------X

**AFFIRMATION IN SUPPORT OF PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF PROCESS**

I, Jesse S. Weinstein, Esq., am an attorney admitted to practice law in this matter. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

1. I am an attorney admitted to practice law in this matter, and attorney for Plaintiff Victoria Drake in the above-entitled action. As such, I am familiar with all of the facts and circumstances in this Action.

2. I submit this Affirmation in Support of Plaintiff's Motion for Alternative Service.

3. **Attached hereto as Exhibit A** is a true and correct copy of an Affirmation of Due Diligence, dated September 25, 2026.

4. **Attached hereto as Exhibit B** is a true and correct copy of an Affirmation of Due Diligence, dated October 12, 2026.

5. **Attached hereto as Exhibit C** is a true and correct copy of an Affirmation of Service, dated October 15, 2026.

6. **Attached hereto as Exhibit D** is a true and correct copy of a photo taken on October 8, 2026, at Defendant Zampolli's residence.

7. **Attached hereto as Exhibit E** is a true and correct copy of an Affidavit of Non-Service dated October 15, 2026.

8. **Attached hereto as Exhibit F** is a true and correct copy of a Daily Beast article dated October 5, 2026.

Dated: New York, New York
October 23, 2026

**ARCÉ LAW GROUP, P.C.**

Respectfully submitted,

*<u>/s/ Jesse S. Weinstein, Esq.</u>*
Jesse S. Weinstein, Esq.
45 Broadway, Suite 2810
New York, NY 10006
j.weinstein@arcelawgroup.com
(212)-248-0120

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTORIA DRAKE

*Plaintiff*

vs

PAOLO ZAMPOLLI

*Defendant*

N
COURT DATE & TIME: AT
INDEX NUMBER: 1:26-CV-07582-RA
DATE FILED: 09/09/2026
Job #: 621426
Client File#

ARCE LAW GROUP PC
45 BROADWAY STE 2810
NEW YORK, NY 10006

CLIENT'S FILE NO.:

**AFFIRMATION OF DUE DILIGENCE**

I, ERIC RIVERA, affirm and say:

Deponent is not a party to this action, is over the age of eighteen years, resides in the State of New York, and is employed by Supreme Judicial Services Incorporated, with its principal place of business located at 371 Merrick Road, Suite 202, Rockville Centre, NY 11570, and further affirms and says that:

That I was instructed to effect service of the SUMMONS IN A CIVIL ACTION, COMPLAINT according to the C.P.L.R on PAOLO ZAMPOLLI at 119 EAST 17TH STREET, NEW YORK, NY 10003

In my attempt to effect service on defendant I visited the address stated on the action and was unable with proper due dilligence to serve PAOLO ZAMPOLLI

09/21/2026 11:56AM 119 EAST 17TH STREET, NEW YORK, NY 10003 AS PER THE FRONT DESK WHO STATED THE DEFENDANT LIVES IN WASHINGTON.

I affirm this September 25, 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment,that the foregoing is true, except as to matters alleged on information and belief and as to those matters I believe it to be true, and I understand that this document may be filed in an action or proceeding in a court of law.

ERIC RIVERA
1212873-DCA

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

VICTORIA DRAKE

*Plaintiff*

*vs*

PAOLO ZAMPOLLI

*Defendant*

N
COURT DATE & TIME: AT
INDEX NUMBER: 1:26-CV-07582-RA
DATE FILED: 09/09/2026
Job #: 622410
Client File#

ARCE LAW GROUP PC
45 BROADWAY STE 2810
NEW YORK, NY 10006

CLIENT'S FILE NO.:

**AFFIRMATION OF DUE DILIGENCE**

I, MUATAZ AHMAD, affirm and say:

Deponent is not a party to this action, is over the age of eighteen years, resides in the State of New York, and is employed by Supreme Judicial Services Incorporated, with its principal place of business located at 371 Merrick Road, Suite 202, Rockville Centre, NY 11570, and further affirms and says that:

That I was instructed to effect service of the SUMMONS IN A CIVIL ACTION, COMPLAINT according to the C.P.L.R on PAOLO ZAMPOLLI at 119 EAST 17TH STREET, NEW YORK, NY 10003

In my attempt to effect service on defendant I visited the address stated on the action and was unable with proper due dilligence to serve PAOLO ZAMPOLLI

10/08/2026 11:34AM 119 EAST 17TH STREET, NEW YORK, NY 10003 THERE WAS NO ANSWER.

I affirm this October 12, 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment,that the foregoing is true, except as to matters alleged on information and belief and as to those matters I believe it to be true, and I understand that this document may be filed in an action or proceeding in a court of law.

MUATAZ AHMAD
2034169-DCA

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

VICTORIA DRAKE

*Plaintiff*

*vs*

PAOLO ZAMPOLLI

*Defendant*

N
COURT DATE & TIME: AT
INDEX NUMBER: 1:26-CV-07582-RA
DATE FILED: 09/09/2026
Job #: 622454
Client File#

ARCE LAW GROUP PC
45 BROADWAY STE 2810
NEW YORK, NY 10006

CLIENT'S FILE NO.:

**AFFIRMATION OF SERVICE**

I, ERIC RIVERA , affirms and says deponent is not a party to this action and is over the age of eighteen years and resides in the State of New York.
That on 10/14/2026 at 7:00 AM at 119 EAST 17TH STREET, NEW YORK, NY 10003 deponent served the within SUMMONS IN A CIVIL ACTION, COMPLAINT.
on PAOLO ZAMPOLLI therein named by affixing a true copy thereof to the door of said premises, the same being the recipient's actual place of abode within the State of New York. Deponent previously attempted to serve the above named individual on
10/12/2026 12:17 PM 119 EAST 17TH STREET, NEW YORK, NY 10003
10/13/2026 07:47 PM 119 EAST 17TH STREET, NEW YORK, NY 10003
10/14/2026 07:00 AM 119 EAST 17TH STREET, NEW YORK, NY 10003

Said documents were conformed with index number and date of filing endorsed thereon.

Deponent completed service by depositing a copy of the SUMMONS IN A CIVIL ACTION, COMPLAINT on 10/15/2026 in a postpaid, properly addressed envelope by first class mail, bearing the legend "Personal & Confidential," and not indicating on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the person to be served, in an official depository under the exclusive care and custody of the United States Post Office in the State of New York.

Mailing was made to 119 EAST 17TH STREET, NEW YORK, NY 10003
THIS WAS SERVED AT THE LAST KNOWN ADDRESS PER DMV.

Served at following GPS coordinates, Lat: 40.876242222222 Long: -73.855693888889

I affirm this October 15, 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment,that the foregoing is true, except as to matters alleged on information and belief and as to those matters I believe it to be true, and I understand that this document may be filed in an action or proceeding in a court of law.

ERIC RIVERA
1212873-DCA

# EXHIBIT D


119
Cellular DT: 2026-10-08 11:34:22
Device DT: 2026:10:08 11:34:22
GPS: 40.736171, -73.987858

# EXHIBIT E

# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

**VICTORIA DRAKE**
**Plaintiff**

**vs**

**PAOLO ZAMPOLLI**
**Defendant**

**Case Number: 1:26-CV-07582**

## AFFIDAVIT OF NON-SERVICE

I, Stuart Macpherson, depose and state that I am not a party to this action, am over the age of eighteen, and I am a private process server for the firm of Torri's Legal Services, P.O. Box 18647, Washington, DC 20036.

At the request of Arce Law Group, P.C., I was asked to serve a *Summons in a Civil Action* and *Complaint* on **Paolo Zampolli** at **Cafe Milano, 3251 Prospect Street, NW, Washington, DC, 20007**.

That on September 29, 2026, I conducted a stakeout to serve **Paolo Zampolli** at the given address. I arrived at 7:06 p.m. and remained in close proximity until 11:16 p.m, watching people coming and going. During this time I did not observe the defendant in the vicinity. I did confirm that **Mr. Zampolli** was in the restaurant. However, I was unable to effectuate service due to extenuating circumstances, including the presence of a security detail.

Despite the foregoing effort, I was unable to serve the client's documents to **Paolo Zampolli.**

The undersigned declares and affirms that he has personal knowledge of the foregoing facts, that the facts are true and correct, and that this affidavit was executed by Stuart Macpherson, process server.

10/15/2026
Date

89802

[signature]
**Stuart Macpherson**
P.O. Box 18647
Washington, DC 20036
202-296-0222

# EXHIBIT F

BOMBSHELL CLAIM

# Melania and Trump's Matchmaker Accused of Horrific Attack

Paolo Zampolli, 56, is accused of drugging and violently attacking a 33-year-old model.



Photo Illustration by Eric Faison/The Daily Beast/Getty

By Tom Latchem UPDATED OCT 05, 2026 1:25PM EDT — PUBLISHED OCT 05, 2026 6:43AM EDT

The modeling agent who claims he introduced Donald Trump to Melania has been accused of drugging and raping a woman more than 20 years his junior.

Paolo Zampolli, 56, is named in a lawsuit filed by tech entrepreneur Victoria Drake, 33, accusing him of sexually assaulting her as she lay unconscious at his New York townhouse in October 2023.

Drake, who lives in Chicago, began moving in Trump-world circles in 2019 after she was invited to a New Year's event at Mar-a-Lago with her then-boyfriend, Ross Chaifetz, who manages a private equity firm. His billionaire father, Richard, who co-owns the Portland Trail Blazers, is believed to have been a member of the president's Florida club and, in 2018, bought a $9.4 million condo on the 87th floor of Trump Tower Chicago.

The Daily Beast's sister investigative Substack, PunchUp, understands Drake, a model and businesswoman, attended dozens of private parties, dinners, and fundraising events attended by Trump, and shared pictures of herself rubbing shoulders with the president and first lady. She stopped attending Mar-a-Lago as frequently after splitting with her boyfriend in early 2023.



Zampolli is a close friend of Donald and Melania Trump.

Paolo Zampolli/Instagram

Drake says she saw Zampolli—a close friend of Trump—at Mar-a-Lago several times but did not speak to him.

ADVERTISEMENT

, COVID & RSV Guidance – All in One Place.
etVaccinated: Your Best Shot at Staying Well
AHCA | NCAL
getvaccinated.us

Zampolli has served as Trump's special envoy for global partnerships since March 2025, but their relationship stretches back decades. Zampolli has long claimed to have introduced Donald and Melania Trump at a 1998 Fashion Week party he hosted at New York's Kit Kat Club. Melania said in her own memoir that she met her future husband at the party, but does not credit Zampolli with introducing them.




TANGLED WEB

**The Man Who Links Melania Directly to Epstein**

FARRAH TOMAZIN

In an extraordinary press conference earlier this year, she denied that the late pedophile Jeffrey Epstein had introduced her to Trump—leading Zampolli to offer to testify before Congress to back up her story.

SIGN UP FOR BEAST DIGEST

**Get the best of The Beast delivered right to your inbox**

Enter your email

SUBSCRIBE

By clicking "SUBSCRIBE" you agree to our Terms of Use and Privacy Policy.

Now he is facing a rape allegation from Drake. She alleges that on October 5, 2023, Zampolli was at the exclusive Zero Bond private members' club in Manhattan when he approached her and said he recognized her from Mar-a-Lago.




Victoria Drake, pictured with Melania Trump, alleges that she was raped by Paolo Zampolli.

Victoria Drake

ADVERTISEMENT

They exchanged phone numbers and later agreed to meet at Zampolli's home in Gramercy Park, she claims, and the night passed without issue.

The next evening, Drake claims she returned to Zampolli's home after he allegedly texted her "incessantly" and invited her to a "get together." After arriving, Drake alleges Zampolli gave her a drink, and that she then lost consciousness. She claims she briefly regained consciousness to find herself naked in a bed as 5-foot-11 Zampolli sexually assaulted her, with his hands around her neck.

Drake alleges she "did not and could not consent," and awoke naked the following morning with bruising on her hips and legs, and was unable to find her clothes.

The complaint, first reported on by Inner City Press, alleges she reported the incident to the NYPD the next day before being taken by ambulance to Lenox Health Greenwich Hospital, where she underwent sexual-assault and drug-facilitated-assault examinations.



Drake alleges the sexual assault took place at Zampolli's home in Gramercy Park, Manhattan.

Google

There is no evidence Zampolli was ever arrested, and he has denied that he was. Police later closed the complaint, Zampolli said. The NYPD was asked why the investigation was not pursued, and who had taken that decision, but did not respond.

Zampolli denies Drake's allegations. The allegations have not been adjudicated, and Zampolli has not been found liable.

And Zampolli, who is an Italian citizen, also filed a criminal complaint against Drake in Rome on April 21, accusing her of making false and defamatory allegations that he sexually assaulted her before her lawsuit was filed, documents obtained by PunchUp show.

Melania Trump Frantically Denies Relationship With Epstein

Zampolli claims the allegations are part of an attempt to extort or damage him. He told PunchUp that Drake had not yet formally served him with the New York lawsuit. He said his lawyers would ask a judge to pause the case if she does, or seek to have it dealt with alongside the criminal complaint he filed against Drake in Rome in April. Zampolli said he believes the dispute belongs in Italy because his complaint alleges Drake tried to extort him while he was there, and because he filed his case first.

ADVERTISEMENT

Zampolli said he plans to countersue Drake for $100 million, whom he claimed was "out of her mind," over her "frivolous accusation," but said he had not done so because he had been too busy helping with a "delegation" of "business people" who had been "in town." When asked to say which delegation that was, he did not respond.

Zampolli also told PunchUp that he had not discussed the lawsuit with the White House. “We are slightly busier than engaging with personal attacks on people who serve the president or are close to the president,” he said. “We don’t discuss these things, especially when there is an ongoing investigation.”



GLOVES OFF

**Melania Named in Bombshell New Epstein Claims**

FARRAH TOMAZIN

Drake’s lawyer, Jesse S. Weinstein, said, “Mr. Zampolli has publicly threatened our client with a $100 million lawsuit and accused her of extortion, yet our process servers have repeatedly been unable to serve him with the lawsuit he is so eager to discuss publicly. We have made multiple good faith attempts to effectuate service and will continue doing so.

“If Mr. Zampolli wants to contest Victoria’s allegations, the appropriate place to do that is in court, where both sides will be subject to the rules of evidence and the judicial process.




"Victoria reported the alleged assault to law enforcement immediately and underwent medical examinations the following day. She is prepared to pursue her claims and will not be intimidated by threats, political connections, or efforts to avoid having those claims heard."



Zampolli has even partied at New Year with Trump and the first lady.

Paolo Zampolli/Instagram

ADVERTISEMENT

Zampolli was named several times in the Epstein files. An FBI memo records a former Epstein assistant telling investigators that Zampolli—whose name was misspelled "Zempoli"—had been trying to buy the Elite Model Management agency with Epstein.

The same witness also claimed Epstein introduced Donald and Melania, as the Beast reported earlier this year. The claim has not been independently corroborated, and Melania firmly denied it in her press conference in April.

"Epstein did not introduce me to Donald Trump," she said. "I met my husband, by chance, at a New York City party in 1998. This initial encounter with my husband is documented in detail in my book, *Melania*.

"The first time I crossed paths with Epstein was in the year 2000, at an event Donald and I attended together. At the time, I had never met Epstein and had no knowledge of his criminal undertakings."



Zampolli has long claimed to have introduced Donald and Melania Trump.

Paolo Zampolli/Instagram

None of the released files establish wrongdoing by Zampolli in connection with Epstein, and Zampolli has never been accused of participating in Epstein's crimes.

Zampolli is also locked in a bitter custody dispute with his Brazilian former partner Amanda Ungaro, 41, who has accused him of using his connections to help get her detained by ICE.

Ungaro, a former model who was recruited at 17 to the U.S. by Epstein and later also socialized with Zampolli and the Trumps at Mar-a-Lago, spent three-and-a-half

months in immigration detention last year before being deported. Zampolli has denied involvement in her detention, while DHS has denied that political influence played any role, as the Beast previously reported.

PunchUp has contacted the White House and the State Department for comment. They did not respond.

*Tom Latchem exposes the secrets, scandals, and stories that powerful people and institutions want to keep under wraps. Follow all of his reporting at PunchUp on Substack.*

See more of our coverage in your search results. ADD THE DAILY BEAST ON GOOGLE ↗



TOM LATCHEM
LEAD GLOBAL CORRESPONDENT

Got a tip? Send it to The Daily Beast here.

ADVERTISEMENT